### JACOB SANDERSON *v.* ORREN HUBBARD.

In actions of slander for words, not actionable in themselves, charging a person with swearing falsely, it is necessary that the declaration should contain averments that the false swearing was in a judicial or other proceeding, sanctioned by law, in which an oath might be administered; that the defendant spoke the words in a conversation, or *colloquium*, had concerning the plaintiff's testimony, and that he thereby intended to charge the plaintiff with having committed perjury, and also an innuendo showing the injurious sense in which the words were uttered.

Where the words relate to testimony given before arbitrators, the want of an averment that the plaintiff was *legally* sworn is fatal.

But if the defendant justify the speaking of the words, and, in his plea, allege that the plaintiff was examined on oath, and gave his testimony before the arbitrators, and, in his testimony, did knowingly and corruptly swear falsely, and a verdict pass for the plaintiff, the want of an innuendo and averment that the plaintiff was sworn is thereby cured, and judgment will not be arrested.

THIS was an action on the case for slanderous words, in three counts.

The allegations in the first count, after reciting the previous good character of the plaintiff, &c., were as follows:

'And whereas, also, before the committing of the griev-
'ances by the defendant, as hereinafter mentioned, a certain
'arbitration had been depending at said Burke, before Philip
'Smith and Haines W. Beldin, arbitrators, mutually chosen
'by the parties, to determine a certain action on book ac-
'count, (as well as all matters in controversy between the
'parties,) wherein the said Orren Hubbard was the plaintiff,
'and the present plaintiff was the defendant, and which

'said action, and all matters in controversy between the said
'parties, had then been lately heard and tried by the said
'arbitrators, at said Burke, to wit, on the 20th day of June,
'1840, and on such trial, before said arbitrators, the present
'plaintiff had been and was examined, on oath, and had
'given his evidence as a witness for and on his own behalf,
'to wit, on the 20th day of June, 1840; yet the said defen-
'dant, in no wise ignorant of the premises, but contriving,
'and maliciously intending, not only to injure the said plain-
'tiff, and deprive him of his good name, and cause it to be
'suspected and believed, by those neighbors and citizens, that
'he, the plaintiff, had been and was guilty of perjury, and to
'subject him to the pains and penalties by the laws of this
'state made and provided against and inflicted upon persons
'guilty thereof, to wit, on the 20th day of June, 1840, at
'said Burke, in a certain discourse which he, the said defen-
'dant, then and there had with the plaintiff, in the presence
'and hearing of divers good citizens of this state, then and
'there, in the presence and hearing of the said last mentioned
'citizens, falsely and maliciously spoke and published to, of
'and concerning the plaintiff, and of and concerning the evi-
'dence by him, the present plaintiff, given on said trial
'before the said arbitrators, as such witness as aforesaid,
'these false, scandalous, malicious and defamatory words fol-
'lowing, that is to say, " You (meaning the plaintiff) took a
" false oath, and I (meaning the defendant) can prove it."

Second count. 'And afterwards, to wit, on the day and
'year last aforesaid, at Burke aforesaid, in a certain other
'discourse which the said defendant then and there had with
'the plaintiff, in the presence and hearing of divers good citi-
'zens of this state, then and there, in the presence and hear-
'ing of the last mentioned citizens, falsely and maliciously
'spoke and published to, of and concerning the plaintiff, and
'of and concerning said arbitration, and of and concerning
'the testimony by him given on said trial, before said arbi-
'trators, as such witness as aforesaid, these other false, scan-
'dalous, malicious and defamatory words following, that is to
'say, " you (meaning the plaintiff) took a false oath about
" that fence, and I (meaning the defendant) will bring you
" (meaning the plaintiff) up for it," and thereby, then and
'there, meaning that the plaintiff, in giving his testimony as

'such witness on said trial, before said arbitrators as afore-
'said, had committed wilful and corrupt perjury, and that he
'would cause the plaintiff to be prosecuted therefor.'

Third count. 'And afterwards, to wit, on the day and
'year last aforesaid, at Burke aforesaid, in a certain other
'discourse which the said defendant then and there had in
'the presence and hearing of divers good citizens of this
'state, he, the said defendant, further contriving and intend-
'ing as aforesaid, then and there, in the presence and hear-
'ing of the said last mentioned citizens, falsely and mali-
'ciously spoke and published of and concerning the plaintiff
'and of and concerning the testimony by him given on said
'trial, before said arbitrators, as such witness as aforesaid,
'these other false, scandalous, malicious and defamatory
'words following, that is to say, "he (meaning the plaintiff)
"took a false oath, and I (meaning the defendant) will make
"him (meaning the plaintiff) smart for it," and thereby, then
'and there, meaning that the plaintiff, in giving his testimony
'as such witness on said trial, before said arbitrators as afore-
'said, had committed wilful and corrupt perjury, and that he
'would cause the pains and penalties of perjury to be inflict-
'ed on the plaintiff. By means of publishing which said
'false, feigned, scandalous and malicious words, he, the said
'plaintiff, is not only injured and prejudiced in his good
'name and reputation, but has been liable to be presented
'for perjury,' &c.

The defendant pleaded not guilty, and the following spe-
cial plea in bar :

'That though true it is that a certain arbitration had been
'depending at said Burke, before Philip Smith and Haines
'W. Beldin, arbitrators, mutually chosen by the parties, to
'determine a certain action on book account, as well as all
'other matters in controversy between the said parties, the
'present plaintiff and defendant, which had then been lately
'tried before said arbitrators at said Burke, to wit, on the
'20th day of June, 1840 ; and on such trial, before said arbi-
'trators, the said Jacob Sanderson had been and was exam-
'ined on oath, and had given his testimony as a witness in
'his own behalf, to wit, on the 20th day of June, 1840 ; and
'the said Jacob Sanderson, on giving his said testimony, did,
'on his said oath, knowingly, falsely and corruptly swear and

'affirm of and concerning a certain item in his the said San-
'derson's exhibit before said arbitrators, against him the said
'Hubbard, of the following tenor, "May 25. To burning up
"twenty rods of my fence $3.34;" that a fire, set by the
'said Hubbard, had taken in the fence of the said Sanderson
'and burnt up twenty rods of said fence.

'And the said Jacob Sanderson having knowingly sworn
'falsely and corruptly to the aforesaid facts, which were then
'and there deemed material on said trial, the said Hubbard
'did afterwards, as he had a good right to do, at said Burke,
'on the 20th day of June, 1840, speak and publish of and
'concerning the said Jacob Sanderson, and of and concern-
'ing his said testimony, to divers good citizens of this state
'and to himself, "you took a false oath, and I can prove it,"
'and "you took a false oath about that fence, and I will
"bring you up for it," and "he took a false oath and I will
"make him smart for it," all which the said Hubbard is ready
'to verify and prove ; wherefore he prays judgment,' &c.

Replication. 'That said defendant, at the said time when,
'&c., in said plea, wilfully and maliciously of his own wrong,
'and without the cause by him the said defendant in his said
'plea alleged, did speak and publish the words, mentioned
'in said plea, of and concerning the plaintiff, in manner and
'form as the said plaintiff hath above in his declaration com-
'plained against him, and this the plaintiff prays may be in-
'quired of by the country.'

From the testimony introduced on the trial in the county
court, the jury, under the charge of the court, returned a
verdict for the plaintiff. The defendant then moved in
arrest of judgment for the insufficiency of the declaration.
The county court overruled the motion, and the defend-
ant excepted.

*Cahoon, Beckwith, Baylies,* and *Wing,* for defendant.

1. The first count in the declaration is insufficient. The
plaintiff should have alleged in his declaration and proved
who administered the oath, and what oath was administered,
and that the magistrate had competent authority to admin-
ister such oath.

Arbitrators have no power to administer oaths, and there

Sanderson
*v.*
Hubbard.

CALEDONIA, March, 1842.

Sanderson v. Hubbard.

is no allegation that the oath was administered by a justice of the peace, or any person having authority.

The distinction to be found in the cases is this ; when the declaration shows the cause was tried before a court which, by law, have authority by themselves, or their clerk, to administer oaths, then the allegation that the plaintiff was examined on oath, before said court, is sufficient. But if the court has not, necessarily, such authority, then it is necessary to allege and prove who did administer the oath, and also that he had competent authority to administer it. See forms 2 Chitty's Pl. 637, and others. *Hopkins* v. *Beedle*, 1 Caines' R. 347. *Ward* v. *Clark*, 2 Johns. R. 10. 9 Cowen's R. 30.

There is no colloquium of the trial which is necessary to make the words actionable.

There is no allegation that the plaintiff's testimony was material to the issue. 3 Johns. Dig. 557. *Rouse* v. *Ross*, 1 Wend. 475.

Where the words are not actionable in themselves, and only become so by reason of extrinsic matter, it is necessary to allege a conversation about the plaintiff and about the extrinsic matter, and also that the words were spoken in that conversation. An allegation that the words were spoken of and concerning the plaintiff, &c., is not sufficient. But if the words are actionable, as a *direct* charge of perjury, it is sufficient. 2 Chitty's Pl. 634, 641, and 641, b. *Ryan & wife* v. *Madden*, 12 Vt. R. 51. *Gedney* v. *Blake*, 11 Johns. R. 54. *Milligan* v. *Thorn*, 6 Wend. 412. *Van Vechten* v. *Hopkins*, 5 Johns. R. 220. 2 Wheaton's Selwyn, 1278.

The words set forth in the declaration are not actionable, in themselves. *Holt* v. *Scofield*, 6 T. R. 691. *Hawkes* v. *Hawky*, 8 East, 427. *Ward* v. *Clark*, 2 Johns. R. 10. *Chapman* v. *Smith*, 13 do. 78. *Vaughan* v. *Havens*, 8 do. 109. *Crookshank* v. *Gray*, 20 do. 344. 2 Johns. Dig. 382.

Neither does the plaintiff allege that the defendant meant to impute the charge of perjury to him, nor that he was so understood by the hearers. The plaintiff should have added an innuendo, that the defendant meant to impute to him the crime of perjury. And the court cannot say that the plaintiff proved on trial, or that the jury found, that the defendant meant to impute perjury to the plaintiff. It could not be proved, as it was not alleged in the declaration.

The first three objections to the first count apply to the second. The words in the second count are, ' you took a ' false oath about that fence, and I will bring you up for it.' This is bad, as there is nothing previously stated to which it can refer. There is no allegation that the arbitrators had any thing to do with a fence, or that the plaintiff had ever testified about a fence, or that there was any colloquium about a fence, or any thing, in which the plaintiff could have committed perjury.

The words are not actionable in themselves, and are not connected with any thing to make them so.

Most of the objections to the first and second counts apply to the third. But if the court find either count bad, the judgment must be arrested *in toto.*

The defects are not cured by *verdict. Haseltine* v. *Weare,* 8 Vt. R. 480.

*T. Bartlett,* for plaintiff.

From the books, the general doctrine, in relation to the requisites of a good declaration for slanderous words, seems to be, that where the words spoken are *prima facie* actionable of themselves, without reference to any extrinsic matter, it is sufficient to state the defendant's malicious intent, and the slander concerning the plaintiff, without stating any inducement. But where the words spoken do not of themselves convey the meaning the plaintiff would assign to them, or are equivocal, and require explanation, by reference to some extrinsic matter to show that the words are actionable, then, in such case, four allegations are necessary to make a good declaration for words imputing perjury; first, that the plaintiff gave evidence on oath, and the occasion, and before whom ; secondly, a colloquium or speaking by the defendant of and concerning the plaintiff, or with reference to such evidence ; thirdly, the words themselves, and, fourthly, the innuendo, that the defendant meant by the words alleged to impute perjury to the plaintiff; all of which allegations are contained in the plaintiff's declaration.

And we confidently believe that the declaration, in the present case, is drawn in strict conformity with the practice of the most approved pleaders and precedents. See precedents in declarations for slander in 2 Chitty's Pleadings,

634; 2 Saunders' Pl. & Ev. 805; 2 Swift's Digest, 423; Oliver's Precedents, 323; 1 Chitty's Pl. 381; American Precedents of Declaration, 243; 2 Swift's Digest, 425.

The opinion of the court was delivered by

ROYCE, J.—It is well settled by the decisions in actions for slander, that the words set forth in either count in the present declaration do not, of themselves, amount to an accusation of perjury. They do not import with sufficient certainty that the false oath was taken under any judicial, or other legal sanction. And, hence, to render these words actionable, it should appear that they were spoken with reference to some proceeding in which an oath might lawfully be administered, and in which a false statement, under oath, might amount to legal perjury. It should also appear that the party speaking the words designed to accuse the other of that crime. It is, therefore, required, in declaring upon such words as are here given, to accompany them with an introductory statement or *colloquium,* alleging the occasion on which they were spoken, and the proceeding to which they related; as also with an *innuendo,* showing the injurious sense in which they were uttered.

The declaration before us contains a sufficient *colloquium,* and, to the words set forth in the second and third counts, is added an *innuendo,* in which the meaning of the words is given as intended by the defendant. But the first count is still left without an *innuendo* to indicate any intended charge of perjury, and an alleged defect, also, remains which is applicable to all the counts, namely, the want of any averment that the plaintiff was legally sworn to give testimony before the arbitrators. The averment merely is, that he 'was examined on oath and gave evidence.'

But conceding that the declaration was demurrable for one or both of these defects, we observe that the defendant, instead of demurring, pleaded in bar. In that plea he expressly admits, or rather alleges, that the plaintiff, 'was examined on oath, and gave his evidence as a witness' before the arbitrators. He further alleges that the plaintiff 'in giving his said evidence did, on his said oath, knowingly, falsely and corruptly swear and affirm, of and concerning a certain exhibit against the defendant,' &c. And he pro-

ceeds to say, that, inasmuch as the plaintiff 'had so know-ingly sworn falsely and corruptly to the facts aforesaid, 'which were then and there deemed material on said trial,' he, the defendant, spoke the words complained of. We are satisfied that by thus pleading over, and making these allegations, the defendant has obviated all valid objections to the declaration. *Wood* v. *Scott*, 13 Vt. R. 42. It is a rule coeval with the science of pleading, not only that facts admitted by the pleadings need not be proved, but that a party shall not be allowed to allege or insist against his previous admission or allegation in pleading. According to this rule, it was no longer necessary for the plaintiff to prove either the speaking of the words declared on, or that he was examined on oath and gave his evidence as a witness before the arbitrators; for all this is not merely admitted, but expressly alleged in the plea. There is also, a rule, that each part of the pleadings shall be construed most strongly against the party pleading it. And it is upon that ground, if any, that the declaration could have been regarded as defective, in not showing more directly and expressly that the plaintiff was duly sworn as a witness. But the same rule applied to to the plea must operate to supply any defect of the declaration in this particular. The averments in the plea are to be taken in as strong a sense against the defendant, as the ordinary use of such language will justify. The allegation, that the plaintiff was examined on oath as a witness, should therefore, be understood to mean, that he was examined in a legal manner, and under the usual responsibilities of a witness; having been first duly sworn before a magistrate. And this being so, it follows that the want of an *innuendo* in the first count of the declaration is equally supplied by the plea. For since the plaintiff is charged in the plea with every fact which goes to make up a full definition of perjury, the defendant is no longer at liberty to insist that he did not intend to impute that crime by the words complained of.

Judgment affirmed.